1   Ashkan Shakouri (SBN 242072)
    Shakouri Law Firm
2   11601 Wilshire Blvd., 5th Floor
    Los Angeles, CA 90025
3   Telephone (310) 575-1827
    Facsimile: (310) 575-1872
4   ash@shakourilawfirm.com

5   Attorneys for Plaintiff
    Consuelo Campos

6

7                   **UNITED STATES DISTRICT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9   CONSUELO CAMPOS, as an                )
    individual, and on behalf of all      )   CASE NO. 2:18-CV-3406
10  persons similarly situated,           )
                                          )   **COLLECTIVE AND CLASS-ACTION**
11              Plaintiff,                 )   **COMPLAINT:**
                                          )
12                                         )    **(1) Failure to Pay Overtime**
         vs.                              )
13                                         )    **(2) Failure to Provide Meal Breaks**
    QUIK TRAVEL STAFFING INC., a          )
14  California corporation; STEFAN        )    **(3) Failure to Provide Rest Breaks**
    WINDHEUSER, an individual;            )
15  BELINDA PAGLIARO, an                  )    **(4) Failure to Provide Accurate Wage**
    individual; and DOES 1 through 100,   )        **Statements**
16  Inclusive,                            )
                                          )    **(5) Failure to Pay All Wages Upon**
17                                         )        **Termination of Employment**
                Defendants.               )
18                                         )    **(6) Violation of Business & Professions**
                                          )        **Code Section 17200**
19                                         )
                                          )    **(7) Violations of the Fair Labor**
20                                         )        **Standards Act**
                                          )
21                                         )    **DEMAND FOR JURY TRIAL**
                                          )
22                                         )
                                          )
23                                         )
                                          )
24  ─────────────────────────────────────
25

26

27

28
                                        1
                   **COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff, CONSUELO CAMPOS, on behalf of herself all other similarly situated, alleges:

## NATURE OF THE ACTION

1.     This is a California-wide class action and nationwide Fair Labor Standards Act collective against Defendants Quik Travel Staffing, Inc., Stefan Windheuser and Belinda Pagliaro for, among other things: (1) failing to include the value of employee per diem benefits, including those for travel, lodging, meals, vehicles, and other incidentals, whether paid in cash or in kind, in their regular rates of pay when calculating overtime wages; (2) failing to provide meal breaks; (3) failing to provide rest breaks; (4) failing to furnish accurate itemized wage statements; and (5) failing to pay all wages upon termination.

## JURISDICTION

2.     The Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States.

3.     This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367 because they are so related to this action that they form part of the same case or controversy under Article III of the United States Constitution.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## VENUE

4.     This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Quik Travel Staffing, Inc. resides, for venue purposes, in this judicial district.

## PARTIES

5.     Plaintiff Consuelo Campos ("Plaintiff Campos") is, and at all times herein mentioned was, an individual over the age of 18 and a resident of the County of Tulare, State of California.

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Quik Travel Staffing, Inc. ("Quik Staffing") is, and at all times herein mentioned was, a California corporation with its principal place of business in the State of California and duly authorized to do business therein.

7.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Stefan Windheuser ("Defendant Windheuser") is, and at all relevant times mentioned herein was, an owner, and President of Quik Staffing and responsible for its operational, financial, personnel and/or administrative functions.

8.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Belinda Pagliaro ("Defendant Pagliaro") is, and at all relevant times mentioned herein was, an owner, and Vice President of Quik Staffing and responsible for its operational, financial, personnel and/or administrative functions.

COLLECTIVE AND CLASS ACTION COMPLAINT

9.      Defendants Windheuser and Pagliaro are personally liable for some of claims alleged in this Complaint pursuant to Labor Code § 558.1, which provides that persons acting on behalf of an employer, including owners, officers, directors, and managing agents who violate or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violate, or causes to be violated, Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802, are personally liable for such violations.

10.     Defendants Windheuser and Pagliaro are also liable for the FLSA violations alleged in this Complaint under 29 USC § 203(a) because they were acting in Quik Staffing's interest in dealing with employees and exercised control over the nature and structure of the employment relationship with employees.

11.     Plaintiff is ignorant of the true names and/or capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1 through 100, inclusive, and therefore sue said defendants by such fictitious names. When the true names and capacities of said defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to allege their true names and capacities. Plaintiff is informed and believes, and based thereon alleges, that each defendant designated herein as a DOE is responsible in some manner for each other defendants' acts and omissions and for the resulting injuries and damages to Plaintiffs, as alleged herein.

12.     Unless otherwise specified, Defendants Quik Staffing, Pagliaro and Windheuser and DOES 1 through 100 will be collectively referred to as "Defendants".

**COLLECTIVE AND CLASS ACTION COMPLAINT**

13.     Plaintiff is informed and believes, and based thereon alleges that, at all relevant times, each of the Defendants were the principals, agents, partners, joint venturers, officers, directors, controlling shareholders, subsidiaries, affiliates, parent corporations, subsidiary corporations, successor in interests, and/or predecessors in interest of the other Defendants, and all of said entities and/or individuals were engaged in a joint  enterprise for profit, and bore such other relationships to each other so that each is liable for the conduct of the other with respect to the matters alleged herein.

14.     Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants acted pursuant to and within the scope of the relationships alleged herein, that each of them knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and/or abetted the conduct of the other.

15.     Plaintiff is informed and believes, and thereon alleges, that each of the Defendants had such a unity of interest and ownership with the other Defendants and their equitable owners that no separation actually exists among them and an inequitable result if the acts in question are treated as those of each entity or individual alone.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

16.     Quik Staffing is a staffing agency that provides healthcare professionals, including nurses and therapists, on a temporary and permanent basis to its healthcare facility clients.

17.    Plaintiff worked for Defendants as a nurse, and was assigned by Defendants to various healthcare facilities, from approximately November 2012 until November 2017.

18.    Defendants provided per diem payments to Plaintiff, and other healthcare professionals, including, but not limited to those for travel, lodging, meals, vehicles, and other incidentals ("Per Diem Payments").

19.    Pursuant to company policy, Defendants adjust the Per Diem Payments owed to Plaintiff, and other healthcare professionals, based on the number of hours or shifts worked so that if they did not work the minimum number of hours or shifts required of them, Defendants deducted their Per Diem Payments on a *pro-rata* basis. For instance, Plaintiff's March 28, 2017 "Travel Employment Agreement" states: "Employee will also receive a weekly general expense reimbursement of $462.00 per week for miscellaneous and incidental expenses, based on a (36) hour workweek for duration of assignment. If Employee through his or her choice does not work the guaranteed hours, Employer may withhold expense reimbursement on a pro-rated basis". Elsewhere, the same Agreement states: "Employee agrees that if she does not work the guaranteed weekly hours as agreed upon due to his/her own fault and client is not assuming responsibility to pay the guaranteed hours, employer has the right to deduct incurred travel/housing costs on a pro-rated basis from employee 's weekly compensation".

**COLLECTIVE AND CLASS ACTION COMPLAINT**

20.     The amounts of Per Diem Payments were thus not based upon the actual expenses of travel, lodging, meals, vehicles and other incidentals, but instead were based upon, and varied with, the number of hours worked by Plaintiff and other healthcare professionals, and as such, constituted disguised wages.

21.     Notwithstanding that the amounts of Per Diem Payments were based upon, and varied with, the number of hours or shifts worked by Plaintiff and other healthcare professionals, Quik Staffing did not include the value of Per Diem Payments, whether paid in cash or in kind, in Plaintiff's and other healthcare professionals' regular rates of pay for purposes of calculating their overtime pay.

22.     Defendants also did not authorize or permit Plaintiff, and other healthcare professionals, to take their legally required meal or rest periods, and did not pay them premiums they were owed for their non-compliant break periods.

23.     Based on information and belief, Defendants systematically and uniformly committed the violations alleged in this Complaint and continue to do so as of the date of filing of said Complaint.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff brings part of this case as a collective action, on behalf of herself and all other similarly situated employees, pursuant to 29 U.S.C. § 216 to recover unpaid overtime compensation, liquated damages, unlawfully withheld wages, statutory penalties, attorneys' fees and costs, and other damages owed.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

25.    The proposed collective class of similarly situated persons is defined as: All hourly-paid, non-exempt former or current Quik Staffing employees who worked throughout the United States during the relevant statutory period and were not paid their legally-owed overtime pay because their regular rates of pay failed to take into account their per diem payments, including those for travel, lodging, meals, vehicles, and/or other incidentals, whether paid in cash or in kind ("FLSA Class").

26.    Plaintiff reserves the right to amend or modify the collective class descriptions or establish additional subclasses, as appropriate.

27.    This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class with respect to Defendants' failure to properly pay overtime and other wage and hour violations alleged in this Complaint.

28.    Defendants encouraged, suffered and permitted Plaintiff and the FLSA Class to, among other things, work overtime without taking their Per Diem Payments into account in determining their regular and overtime rates of pay.

29.    Defendants knew that they were required to take Plaintiff's and the FLSA Class's Per Diem Payments into account to determine their regular and overtime rates of pay. Nonetheless, Defendants operated under a scheme, as described above, to deprive Plaintiff and the FLSA Class, among other things, of their full overtime compensation.

30. Defendants' conduct, as alleged herein, was willful and has caused significant damage to Plaintiff and the FLSA Class.

31. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Class. Plaintiff request that the Court authorize notice to the members of the collective class to inform them of the pendency of this action and their rights to "opt-in" to this lawsuit pursuant to 29 U.S.C. Section 216 (b) for the purposes of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

32. Plaintiff estimates that there are at least one hundred members in the FLSA Class. The precise number making up the FLSA Class can easily be ascertained by using Defendants' payroll and personnel records.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings the California law state claims, on behalf of herself and other similarly situated employees, pursuant to Federal Rules of Civil Procedure § 23. Plaintiff seeks to represent the following California classes:

Overtime Class

34. All hourly-paid, non-exempt former or current Quik Staffing employees who worked in California during the relevant statutory period and who were not paid their legally-owed overtime pay because their regular rates of pay failed to take into account their per diem payments, including those for travel, lodging, meals, vehicles, and/or other incidentals, whether paid in cash or in kind ("Overtime Class").

<u>Break Period Class</u>

35.    All hourly-paid, non-exempt former or current Quik Staffing employees who worked in California during the relevant statutory period and who were subject to Quik Staffing's policies and practices regarding meal and/or rest periods, including Quik Staffing's failure to pay premiums when it did not authorize or permit employees to take meal and/or rest periods ("Break Period Class").

36.    Unless otherwise specified, the Overtime Class and Break Period Class will be collectively referred to as the "California Classes".

37.    Plaintiff reserves the right to amend or modify the state class descriptions or establish additional subclasses, as appropriate.

**I.    The   Proposed   Classes   Satisfy   Class   and   Collective   Action Requirements**

**a)    Numerosity**

38.    The number of persons in each of the classes herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that each of the classes includes the sufficient numbers to satisfy the numerosity requirement.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

      **b)**     **Common Factual or Legal Questions**

39.    There are also common questions of law and fact exist in this case with respect to each of the classes, which predominate over any questions affecting only individual members of the classes and which do not vary between members within each respective Class.

40.    Plaintiff and members of the FLSA Class and the Overtime Class have a shared and common interest in recovering, among other things, the difference between the amount of overtime wages they received and the amount of overtime wages they were owed under federal and California law. They also all have the same right to recover associated penalties, costs and attorney fees for violations of overtime laws.

41.    Plaintiff, and the members of the Break Period Class have been subject to the same employment policies and practices by Quik Staffing, and thus, they all share the same interest in seeking damages, penalties, costs and attorney fees against it.

      **c)**     **Typicality**

42.    The class and collective claims of the Plaintiff in this case are typical of those members which she seeks to represent, in that, among other things, Plaintiff and the members of their respective classes have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by Defendants. Plaintiff has no interests that are contrary to or in conflict with those of the classes. Plaintiff also knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

### d)   Ascertainability

43.   The putative members of each of the classes are easily ascertainable by obtaining relevant records through discovery. In particular, the members of the respective classes can, in part, be identified by reviewing their personnel records, including their employment agreements, and their payroll records, including their time sheets.

44.   A class and collective action for the proposed claims in this case are superior to any other available method for the fair and efficient adjudication of the claims alleged herein.

45.   Individual joinder of all members for each of the classes is impractical. Class and collective action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Also, because the losses, injuries and damages suffered by each of members of the classes may be relatively small, the expenses and burden of individual litigation would make it difficult for them to seek recovery individually. Individual litigation and claims would also present the potential for inconsistent or contradictory results, which a class action will avoid. On the other hand, important public interests will be served by addressing the matter as a class and collective action.

46.   Plaintiff will fully and adequately protect the interests of the classes, and has retained class counsel who are experienced and competent in both class and

collective actions in the employment context. Plaintiffs has no interest that are contrary to or in conflict with those of the classes.

## **FIRST CAUSE OF ACTION**

### **(Failure to Pay Overtime)**

### **(Plaintiff and Overtime Class Against Defendants and DOES 1-100)**

47.    Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

48.    Labor Code § 510(a) provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

49.     Labor Code § 1194 (a) provides:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

50.     Labor Code § 1198 additionally states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

51.     Defendants uniformly and systematically failed to take into account Plaintiff's and the Overtime Class's Per Diem Payments in determining and paying their overtime rates, causing them to be substantially shortchanged.

52.     Defendants knowingly and willfully refused to fully pay Plaintiffs and the members of the Overtime Class for their worked overtime hours. As a direct and proximate result of these violations of the wage provisions of Labor Code §§ 1194 & 510, there is due and owing to Plaintiffs and the members of the Overtime Class regular and overtime wages.

53.     Labor Code § 1194 also provides for the recovery of attorney fees, interest and costs in a civil action to recover overtime wages by an employee. Plaintiffs and the members of the Overtime Class have incurred and continue to incur legal expenses and

attorneys' fees, and are entitled to payment for their attorneys' fees from Defendants should they prevail on this claim.

## SECOND CAUSE OF ACTION

### (Failure to Provide Meal Breaks)

### (Plaintiff and the Break Period Class Against Defendants and DOES 1-100)

54.  Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

55.  The applicable IWC Wage Order and Labor Code §§ 226.7 and 512(a) were applicable to Plaintiff's and the members of the Break Period Class's employment with Defendants.

56.  Labor Code § 226.7 provides that no employer shall require an employee to work during any meal period mandated by an applicable order of the California Industrial Welfare Commission.

57.  The applicable IWC Wage Order and Labor Code § 512(a) provide that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with an uninterrupted meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

58.  The applicable IWC Wage Order and Labor Code § 512(a) further provide that an employer may not require, cause or permit an employee to work for a period of

more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is not more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

59.     During the relevant statutory period, Plaintiff, and members of the Break Period Class, were scheduled to work for a period of time in excess of six (6) hours and on those days they were entitled to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes. Defendants willfully required Plaintiff, and members the Break Period Class, to work during meal periods and failed to compensate them for work performed during meal periods.

60.     During the relevant statutory period, Defendants failed to pay Plaintiff and the members of the Break Period Class the full meal period premiums. As such, Defendants' conduct violates the applicable IWC Wage Orders and Labor Code §§ 226.7 and 512(a).

61.     Pursuant to the applicable IWC Wage Order and Labor Code § 226.7(b), Plaintiff and the members of the Break Period Class are entitled to recover from Defendants one additional hour of pay at their regular rates of pay for each work day that their meal period was not provided. Plaintiffs and the members of the Break Period Class are also entitled to prejudgment interest for such unpaid premium wages.

COLLECTIVE AND CLASS ACTION COMPLAINT

## THIRD CAUSE OF ACTION

**(Failure to Provide Rest Breaks)**

**(Plaintiff and the Break Period Class Against Defendants and DOES 1-100)**

62.     Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

63.     At all times herein set forth, the applicable IWC Wage Order(s) and Labor Code § 226.7 were applicable to Plaintiff and the Break Period Class.

64.     Labor Code § 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof unless the total daily work time is less than three and one-half (3 1/2) hours.

65.     During the relevant statutory period, Plaintiff and members of the Break Period Class were required to work four (4) or more hours but Defendants uniformly and systematically did not authorize or permit them to take ten (10) minute rest periods per each four (4) hour period worked.

66.     Defendants' conduct violates the applicable IWC Wage Orders and Labor Code

**COLLECTIVE AND CLASS ACTION COMPLAINT**

§ 226.7, entitling Plaintiff and the members of the Break Period Class to recover from Defendants one additional hour of pay at their regular hourly rates of pay for each work day that their rest period was not provided. Plaintiffs and the members of the Break Period Class are also entitled to prejudgment interest for such unpaid premium wages.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Accurate Wage Statements)

### (Plaintiff and the California Classes Against Defendants and DOES 1-100)

67.   Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

68.   Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may

be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of § 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in § 201.3, the rate of pay and the total hours worked for each temporary services assignment. The deductions made from payment of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement and the record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

69.     By not fully compensating Plaintiff and members of the California Classes, Defendants also necessarily, uniformly and systematically failed to provide them with accurate itemized wage statements, as required by Labor Code § 226.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

70.     Plaintiff and members of the California Classes suffered injury as a result of Defendants' knowing and intentional failure to provide them with accurate wage statements as required by Labor Code § 226.

71.     Pursuant to Labor Code § 226(e), Plaintiff and members of the California Classes are each entitled to recover from Defendants fifty dollars ($50) for the initial pay period in which a violation occurred, and one hundred dollars ($100) for each violation in a subsequent pay period, not to exceed an aggregate penalty of four-thousand dollars ($4,000) per member. Plaintiff and the members of the California Classes are also entitled to an award of costs and reasonable attorney's fees under Labor Code § 226(e).

**FIFTH CAUSE OF ACTION**

**(Failure to Failure to Pay All Wages Upon Termination of Employment)**

**(Plaintiff and the Classes Against Defendants and DOES 1-100)**

72.     Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

73.     Plaintiff, and many of other members of the California Classes, quit or were discharged from their employment within the statute of limitations period applicable to this cause of action and Defendants failed to timely pay all earned wages, including owed overtime and premiums, to said members, and thus, now owe them statutory penalties pursuant to Labor Code §§ 201, 202 and 203.

74.    Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203. Therefore, Plaintiff and the members of the California Classes who no longer work for Defendants are each entitled to one day's wages for each day they were not timely paid all said wages due, up to a maximum of thirty days' wages.

## SIXTH CAUSE OF ACTION

**(Violation of Business & Professions Code§ 17200 et seq.)**

**(Plaintiff and the California Classes Against Defendants and DOES 1-100)**

75.    Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

76.    The pattern and practice of Defendants' conduct against both Plaintiff and the members of the California Classes violates numerous provisions of California employment and wage and hour laws cited above. As a result, such conduct constitutes fraudulent, unfair, and unlawful business practices in violation of Business & Professions Code§ 17200 et seq.

77.    In committing the unfair and unlawful business practices described above, Defendants have been unjustly enriched and should be disgorged of its unjustly acquired gains, pursuant to Business & Professions Code § 17203, in an amount to be determined at trial.

78.    Plaintiffs and the members of the California Classes seek restitution of the amounts that Defendants have improperly withheld from them by virtue of their conduct

in violation of this said section. They also seek to recovery of attorney fees and costs under Business & Professions Code § 17200 et seq. and Code of Civil Procedure § 1021.5.

## SEVENTH CAUSE OF ACTION

### (Violation of the FLSA)

### (Plaintiff and the FLSA Class Against Defendants and DOES 1-100)

79.     Plaintiff incorporates by reference all other allegations in this Complaint as though fully set forth herein.

80.     At all relevant times mentioned herein, Quik Staffing was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of 29 U.S.C. § 203.

81.     At all relevant times mentioned herein, Quik Staffing employed health care professionals, including Plaintiff and the FLSA Class.

82.     As alleged above, Defendants Windheuser and Pagliaro are liable for the FLSA violations alleged in this Complaint under 29 USC § 203(a) because, at all relevant times mentioned herein, they were, and still are, acting in Quik Staffing's interest in dealing with employees and exercised control, and still do exercise control, over the nature and structure of the employment relationship with employees.

83.     Attached hereto, as Exhibit 1, is the consent to sue form signed by Plaintiff in this action pursuant to 29 U.S.C. §§ 216(b) and 256. Other FLSA Class members will likely sign consent to sue forms and join as opt-in plaintiffs on this claim in the future.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

84.    The FLSA requires each covered employer, to compensate all non-exempt employees for all hours worked and overtime at a rate of not less than one and one-half times the regular rater of pay for work performed in excess of forty hours in a workweek.

85.    As alleged above, in violation of 29 U.S.C. § 207, Defendants did not include the value of Plaintiff's and other FLSA Class members' Per Diem Payments, including those for travel, lodging, meals and/or incidentals, whether paid in cash or in kind, in their regular rates of pay for purposes of calculating overtime pay when Plaintiff and other FLSA Class members worked in excess of forty hours in a workweek. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86.    Plaintiff, on behalf of herself and the FLSA Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

87.    Plaintiff, on behalf of herself and the FLSA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

1.    Certification of this action as a class action on behalf of each of the Classes alleged in this Complaint;

2.     For general damages, according to proof, on each cause of action for which such damages are available;

3.     For compensatory damages, according to proof, on each cause of action for which such damages are available;

4.     For restoration and restitution of lost wages, statutory penalties, and all other remedies afforded under the Labor Code on all causes of action for violation of the Labor Code;

5.     For prejudgment and post-judgment interest according to law;

6.     For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

7.     For costs of suit incurred in this action;

8.     Disgorgement of all gains unjustly acquired by Defendants; and

9.     For such other and further relief as the Court deems proper and just.

DATED:  April 23, 2018                **SHAKOURI LAW FIRM**


                                      By:   /s/ Ashkan Shakouri
                                            Ashkan Shakouri
                                            Attorney for Plaintiff
                                            CONSUELO CAMPOS



                        **DEMAND FOR JURY TRIAL**

Plaintiff, on behalf of herself and the Classes, hereby demand a jury trial for each of the causes of action alleged in this Complaint.

DATED:  April 23, 2018                    **SHAKOURI LAW FIRM**


                                          By:  ___/s/ Ashkan Shakouri_____
                                               Ashkan Shakouri
                                               Attorney for Plaintiff
                                               CONSUELO CAMPOS

**COLLECTIVE AND CLASS ACTION COMPLAINT**